Aguilar Lemus v. Barr

BIA
Schoppert, IJ
A073 649 199

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand nineteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

JORGE AGUILAR LEMUS,
> *Petitioner,*

v.                                                    17-1818
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Bruno Joseph Bembi, Hempstead, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Vanessa M. Otero, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Jorge Aguilar Lemus ("Lemus"), a native and citizen of El Salvador, seeks review of a June 2, 2017, decision of the BIA affirming a September 28, 2016, decision of an Immigration Judge ("IJ") denying Lemus's applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. *In re Jorge Aguilar Lemus,* No. A073 649 199 (B.I.A. June 2, 2017), *aff'g* No. A073 649 199 (Immig. Ct. N.Y. City Sept. 28, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case. We have reviewed both the BIA's and IJ's decisions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).

## A. Asylum, Withholding of Removal, and CAT Relief

The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). An asylum applicant must show that he has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or

2

political opinion. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i). Lemus did not establish past persecution. Although he testified about the Salvadoran civil war and its effect on his family, he stated that he left El Salvador because of poverty and did not identify any persecution that he had suffered as a result of the war. Lemus argues that the general chaos and fear created by the civil war and his parents' fears of harm is sufficient to establish past persecution. But "the statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that *they themselves* have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007) (emphasis added).

Lemus's claim of future persecution also fails. Lemus testified that he feared general criminal conditions in El Salvador, and that if removed he would be targeted either because he had resided in the United States or because he would become a small business owner. Lemus had the burden to establish both a legally cognizable social group and that he had a well-founded fear of future persecution on account of his membership in that group. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Paloka*, 762 F.3d at 195. To constitute a particular social group, a group must be: "(1) composed of

3

members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *In re M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72–74 (2d Cir. 2007). "[A] 'particular social group' cannot be defined exclusively by the claimed persecution, . . . it must be 'recognizable' as a discrete group by others in the society, . . . it must have . . . definable boundaries," and "it must not be amorphous, overbroad, diffuse, or subjective." *M-E-V-G-*, 26 I. & N. Dec. at 232, 239. Affluence or "class status does not establish a social group with sufficient particularity." *Ucelo-Gomez*, 509 F.3d at 74. Further, "a well-founded fear of persecution must be on account of an enumerated ground set forth in the [Immigration and Nationality Act] and general crime conditions are not a stated ground." *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999).

Lemus did not offer sufficient evidence that Salvadorans who spent time in the United States constitute a particular social group. Although he stated that gangs and criminals target individuals who have lived in the United States, he did not corroborate this belief. *See Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) ("[A] failure to corroborate can

4

suffice, without more, to support a finding that an alien has not met his burden of proof."). Further, the U.S. State Department report on El Salvador that Lemus relied on does not demonstrate that criminals target such individuals or that Salvadoran society perceives individuals who had lived in the United States as a discrete group: the report reflected that gangs have targeted community leaders, police, and rivals, and stated that there have been no recent political disappearances.

Lemus also asserted in his amended written statement that he would be targeted by gangs because he would become a small business owner if he returned to El Salvador. However, professions are generally not immutable characteristics and thus are not grounds for defining a social group. *In re Acosta*, 19 I. & N. Dec. 211, 233–34 (B.I.A. 1985), *overruled in part on other grounds by In re Mogharrabi*, 19 I. & N. 439 (B.I.A. 1987); *see also Vumi v. Gonzales*, 502 F.3d 150, 154 (2d Cir. 2007) (stating that *Acosta* "defines the standard for what constitutes a particular social group"). Finally, Lemus's general fear of criminal conditions in El Salvador does not suffice to state a claim of future persecution. *See Melgar de Torres*, 191 F.3d at 314.

Lemus also argues that he experienced economic

persecution in the past and that the "economic deprivation" in El Salvador is sufficient to establish future persecution. But Lemus simply testified that he left El Salvador because of poverty, and that only low-paying work would be available upon his return. This is not sufficient to establish economic persecution, which requires the "deliberate imposition of a substantial economic disadvantage" on account of a protected ground. *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted).

The absence of a nexus to a protected ground also precludes withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (withholding of removal requires a showing that persecution is more likely than not to occur on the basis of a protected ground). Finally, Lemus did not offer evidence that he will be subject to torture or that the Salvadoran government would acquiesce to his torture, as required for CAT relief. *See* 8 C.F.R. §§ 1208.16(c), 1208.17.

## B. Cancellation of Removal

Our jurisdiction to review the agency's denial of cancellation of removal based on an applicant's failure to satisfy the hardship requirement is limited to constitutional

6

claims and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39–41 (2d Cir. 2008). We consider the hardship factor when the agency's decision "is made without rational justification or based on an erroneous legal standard." *Mendez v. Holder*, 566 F.3d 316, 322 (2d Cir. 2009) (internal quotation marks and citation omitted).

We find no reviewable error here. Cancellation of removal is available if an applicant demonstrates that his removal would result in exceptional and extremely unusual hardship to his U.S. citizen child. 8 U.S.C. § 1229b(b)(1). "[T]he hardship . . . must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quoting H.R. Conf. Rep. No. 104-828, at 213 (1996)). The agency must "consider the ages, health, and circumstances of qualifying lawful permanent resident and United States citizen relatives." *Monreal-Aguinaga*, 23 I. & N. Dec. at 63. The agency may also consider other factors such as the age of the alien, the alien's length of residence in and family ties to the United States, the "political and economic conditions in the country of return," and the alien's involvement in his community in the United

7

States. *Id.* But "[f]actors relating to the applicant himself . . . can only be considered insofar as they may affect the hardship to qualifying relative." *Id.* "[A]ll hardship factors should be considered in the aggregate when assessing exceptional and extremely unusual hardship." *Id.* at 64.

The agency relied on the correct legal standards for cancellation of removal and had a rational justification for its conclusion that Lemus failed to show extreme hardship. Lemus testified that his son received some writing and speech therapy services, but did not have an individualized education program. Neither of his children had medical issues. Although Lemus testified that he would not be able to support his children if they accompanied him to El Salvador, he failed to show that his children would go with him. His cancellation application indicated that the children would likely stay in the United States with their mother. And when asked at his hearing whether his children would go with him to El Salvador, he gave an equivocal response. Because Lemus bore the burden of showing that his children would suffer exceptional and extremely unusual hardship, his equivocal response does not establish that his children would accompany him to El Salvador. *See* 8 U.S.C.

§§ 1229a(c)(4)(A)(i) (placing burden of proof on alien to establish eligibility for relief from removal), 1229b(b)(1)(D) (the alien must "establish[] that removal would result in exceptional and extremely unusual hardship").

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9